UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM RIVERA

                      Plaintiff,
          v.

COMMISSIONER OF SOCIAL SECURITY

                      Defendant.

**MEMORANDUM AND ORDER**

21-CV-7135 (LDH)

L\aShann D\eArcy Hall, United States District Judge:

Kim Rivera ("Plaintiff") appeals the denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") by the Social Security Administration Commissioner (the "Commissioner"). The parties cross-move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND[1]

Plaintiff applied for disability insurance benefits on December 11, 2019, alleging disability beginning on June 3, 2019 ("onset date") due to chronic right knee impairment with tear of the posterior horn of the medical meniscus, left knee meniscal degeneration, lumbar spine impairment with disc desiccation with bulging and herniations and nerve root impingement, cervical spine impairment with disc bulging, thoracic spine disc herniation, left carpel tunnel syndrome, chronic headaches, iron deficiency anemia, Vitamin D deficiency, hypercholesterolemia, chronic post-traumatic stress disorder ("PTSD"), major depression, and generalized anxiety disorder. (Compl. ¶ 2–4, ECF No. 1.; Admin. Tr. ("Tr.") 58, 67–68, 81, 216,

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

218, ECF No. 15.) On February 25, 2020, Plaintiff's application was denied and, again on August 28, 2020, on reconsideration. (Pl.'s Mem. in Support of Mot. J. Pleadings ("Pl.'s Mem.") at 1; Tr. 82–86, 89, 91–102.) Plaintiff requested a hearing on September 28, 2020. (Tr. 104–106, 131, 154.) On January 22, 2021, Administrative Law Judge ("ALJ") Robert R. Schriver held a hearing and Plaintiff testified. (Pl.'s Mem. at 1; Tr. 34–57.) On March 29, 2021, the ALJ determined that Plaintiff was not disabled. (*Id.* 19–33.) On October 29, 2021, the Appeals Council declined to review, and Plaintiff appealed to this Court on December 28, 2021. (Pl.'s Mem. at 1; *see also* Compl.)

## STANDARD OF REVIEW

Under the Social Security Act, a disability Plaintiff may seek judicial review of the Commissioner's decision to deny her application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . .") Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination.  *See Jones ex rel. Tr. J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011).  Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)).

## DISCUSSION

The Commissioner's regulations prescribe the following five-step framework for evaluating disability claims.  At issue here is step two, pursuant to which the Commissioner "considers whether the Plaintiff has a 'severe impairment,' which significantly limits his physical or mental ability to do basic work activities."  *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (emphasis added); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).  "A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic

3

work activities." SSR 85-28 (clarifying step two analysis). In the Second Circuit, "the standard for a finding of severity under [s]tep [t]wo of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *Schafenberg v. Saul*, 858 F. App'x 455, 456 (2d Cir. June 22, 2021) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014)) (summary order) (emphasis in original).

Plaintiff argues that the ALJ's step two determination that Plaintiff's mental health impairments and carpal tunnel syndrome were non-severe was not supported by substantial evidence. (Pl.'s Mem. at 18, 23.) In particular, Plaintiff argues that the ALJ failed to even mention Plaintiff's carpal tunnel in his step two evaluation, and that the ALJ's assessment of Plaintiff's mental health impairments relied "almost entirely" on the opinion of the non-treating consultative psychologist. Plaintiff argues that, at minimum, Plaintiff satisfied the "de minimis" standard. (*Id.* at 20.) Further, Plaintiff argues that the error is substantial because it led to a flawed determination at step four. (*Id.* at 18–19 and 23.)

To reach its finding at step two, the ALJ relied on the opinions of two consulting physicians who both found Plaintiff's mental impairments to be non-severe and Plaintiff's self-reported symptoms. (Def.'s Mem. in Supp. of Mot. J. Pleadings ("Def.'s Mem.") at 20.) The ALJ also found that the Plaintiff's carpel tunnel syndrome did not cause "more than minimal limitations in her ability to perform basic work activities." (*Id.*) Accordingly, the Court finds that there is substantial evidence in the record to support the ALJ's step two determinations.

Even if Plaintiff proved that there was a lack of evidence to support ALJ's step two determinations, the ALJ's consideration of Plaintiff's non-severe impairments at step four renders any error at step two harmless. *See Sandra J. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00272 EAW, 2023 WL 3734289, at *3 (W.D.N.Y. May 31, 2023) ("However, 'any error at step

two is rendered harmless when the ALJ finds that a claimant has other severe impairments and proceeds through the later steps of the sequential analysis.'" (quoting, *Herman S. v. Comm'r of Soc. Sec.*, No. 1:19-CV-00210 EAW, 2022 WL 71618, at *5 (W.D.N.Y. Jan. 3, 2022)).  "So long as a non-severe impairment is considered in assessing a claimant's RFC at steps three and four, any improper labeling of an impairment or combination of impairments as non-severe is not reversible error." *See Acevedo v. Saul*, 577 F. Supp. 3d 237, 247–48 (S.D.N.Y. 2021).  Such is the case here.  At step four, the ALJ considered Plaintiff's mental impairments and carpel tunnel syndrome when determining Plaintiff's residual functional capacity.  (Def.'s Mem. at 14, 20.)  Accordingly, the determination at step two is not sufficient to establish reversible error.

  Plaintiff also argues that the ALJ is required to sufficiently explain his credibility rationale, taking into account the claimant's reports of pain and other limitations.  (Pl.'s Mem. at 24.)  Defendant argues that the ALJ is not required to accept all of Plaintiff's testimony about her complaints and restriction, and instead may use his discretion to evaluate the evidence in light of the record.  (Def.'s Mem. at 21.)  Defendant points to Plaintiff's contrary statements that Plaintiff made during her consultative examinations, the evaluation of her function reports, and state agency consultants all indicating that Plaintiff's daily activities were not limited.  (*Id*. at 22–24.)  Defendant further argues that the ALJ balanced conflicting evidence to conclude that Plaintiff remained capable of performing a broad range of activities, although inconsistent with Plaintiff's allegations.  (*Id.* at 24.)

  The Commissioner urges the Court to affirm the ALJ's findings, asserting that they were supported by substantial evidence.  Having reviewed the administrative record, the Court concludes that substantial evidence supports the Commissioner's determination.  Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED.

                SO ORDERED.

Dated: Brooklyn, New York  
       September 25, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge